# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

BEN-TREI, LTD., an Oklahoma )
Corporation, )
                     )
            Plaintiff, )
                     )
vs. )
                     )
INDAGRO SA, )
a Societe Anonyme, )
And )
INDAGRO CONTRACTORS LTD., )
an Irish Company, )
                     )
           Defendants. )

**99CV0479E** (E) ✓

Case No. _____
Jury Trial Demand Pursuant to
Fed. R. Civ. P. 38(b) and N.D.L.R.
38.1.A

F I L E D

JUN 2 2 1999

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## COMPLAINT

COMES NOW Ben-Trei Ltd., Plaintiff herein, and for its cause of action against Defendant

INDAGRO Contractors Ltd., Dublin ("INDAGRO Contractors") and INDAGRO SA shows the

Court the following:

## INTRODUCTION

### Parties

1.       Ben-Trei, Ltd. ("Ben-Trei") is an Oklahoma corporation which does business in

the State of Oklahoma, and which has its principal place of business in Tulsa, Tulsa County,

Oklahoma. Ben-Trei is in the business of supplying fertilizer products to customers throughout

the United States and the world.

2.       INDAGRO SA is a Greek Societe Anonyme which has offices in Geneva,

Switzerland; Athens, Greece; Tampa, Florida, USA; London, England and Istanbul, Turkey.

1

INDAGRO is believed to be in the business, among other things, of supplying various types of products which may be used as fertilizer or as components of fertilizer products.

3.    INDAGRO Contractors Ltd. is a tax haven entity of INDAGRO SA, with a Dublin, Ireland post address.  The Defendants are hereafter jointly referred to as "INDAGRO".

## Jurisdiction

4.    This is a suit alleging breach of contract and fraud on the part of INDAGRO.  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the controversy is between a business entity citizen of the State of Oklahoma and a business entity  subject of a foreign state.  Consequently, this Court has subject matter jurisdiction of  this controversy pursuant to 28 U.S.C. § 1332 (2).

5.    INDAGRO has done business throughout the world and throughout the United States, and has specifically done business in Tulsa, Oklahoma, and in the Northern District of Oklahoma. Consequently, this Court has personal jurisdiction over INDAGRO.

6.    INDAGRO may be served with summons in this action by delivering a copy of the summons and this Complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, pursuant to Fed. R. Civ. P. 4 (h)(1) and 12 O.S. § 2004 (C)(1)(c)(3).

## Venue

7.    INDAGRO is subject to personal jurisdiction in the Northern District of Oklahoma and consequently venue is appropriate in the Northern District of Oklahoma,  pursuant to 28 U.S.C. § 1391 (a)(c) and (d).

2

## FACTUAL BACKGROUD

8.      This action seeks recovery of damages from INDAGRO pertaining to two sales transactions whereby the Defendants purported to offer for sale to Ben-Trei substantial quantities of prilled urea fertilizer ("Product").

### The First Sale

9.      At all times, INDAGRO SA and INDAGRO Contractors acted as agent, one for the other, and/or were the alter ego of each other.

10.     On or about September 23, 1997, Ben-Trei, as buyer, and INDAGRO, as seller, entered into that certain Ben-Trei Purchase Contract #PE 1338-88, in the form attached hereto as Exhibit "A" ("First Contract").

11.     The First Contract provided for the sale of 15,000 metric tons of Product to Ben-Trei. Pursuant to the First Contract, the latest date for shipment was October 10, 1997.

12.     INDAGRO breached the First Contract by not meeting the latest date for shipment and not supplying the Product. As a result of such default, Ben-Trei was required to cover by obtaining Product from another supplier at a higher cost of $10 per metric ton. Ben-Trei consequently incurred damages in the amount of $135,000.

### The Settlement Agreement

13.     On or about November 13, 1997, INDAGRO and Ben-Trei entered into an agreement ("Settlement Agreement") regarding the damages of Ben-Trei by virtue of the breach of the First Contract by INDAGRO. Pursuant to the Settlement Agreement, Ben-Trei agreed to accept the sum of $67,500 ("Settlement Amount") in settlement of its total loss as a result of

3

INDAGROS' breach in the amount of $135,000. The Settlement Amount was payable in two sums. First, INDAGRO paid the sum of $32,500 to Ben-Trei by wire transfer. Pursuant to the Settlement Agreement, the remaining sum of $35,000 was payable from future sales by INDAGRO to Ben-Trei. The amounts due under the Settlement Agreement are evidenced by that certain Ben-Trei Commercial Invoice No. 004494, dated November 13, 1997, attached as Exhibit "B."

**The Second Sale**

14.     On or about July 24, 1998, Ben-Trei, as buyer, sent its fax message to INDAGRO proposing the purchase of 20,000 metric tons of Product by Ben-Trei from INDAGRO SA ("Second Sale"), as evidenced by Ben-Trei's fax message dated July 24, 1998, attached hereto as Exhibit "C" ("Second Sales Contract"). INDAGRO in turn sent its facsimile Transmittal Sheet dated July 24, 1998, to Ben-Trei, confirming that the general terms of the Ben-Trei Contract were acceptable. Pursuant to Ben-Trei's fax message, INDAGRO was to pay a sum equal to $1 per metric ton of the Product sold, to be applied to the balance due under the Settlement Agreement. Pursuant to the Second Sales contract, the latest date for shipment was August 10, 1998.

15.     In reliance upon representations of agreement by INDAGRO, Ben-Trei complied with the provisions of its fax message, including causing a required letter of credit ("Letter of Credit") to be issued for the Purchase Price of the Product.

16.     After July 24, 1997, INDAGRO requested and Ben-Trei agreed to numerous amendments to be made to the details of the Second Sale and related documents. On August 3,

4

1998, INDAGRO, by fax, attached hereto as Exhibit "D," requested numerous amendments to the Letter of Credit, including amendment of the latest shipping date of August 10, 1998, to August 30, 1998. On August 3, 1998, the Letter of Credit was amended as requested by INDAGRO, including the amendment ("Amendment") changing the latest shipping date to August 30, 1998, attached as Exhibit "E."

17.     On August 13, 1998, INDAGRO sent its fax to Ben-Trei, attached hereto as Exhibit "F," declaring a breach of the Second Sale by not meeting the original date set for latest shipment, which had been August 10, 1998.

18.     By fax message dated August 13, 1998, attached hereto as Exhibit "G," Ben-Trei informed INDAGRO that it was not in breach of the Second Sale, as the latest date for shipment had been extended at the request of INDAGRO to August 30, 1998, as evidenced by the Amendment of the Letter of Credit.

19.     On August 17, 1998, INDAGRO, by fax, attached hereto as Exhibit "H," informed Ben-Trei of its assertion that the latest shipping date was August 10, 1998, ignoring the previous amendment of the shipping date to August 30, 1998. However, INDAGRO, in spite of the assertion of breach by Ben-Trei, reoffered the Product to Ben-Trei at a higher price of $86.00 per metric ton and reneged on its agreement to apply $1.00 per metric ton to the damage balance under the Settlement Agreement.

20.     On August 25, 1998, INDAGRO, by fax message attached hereto as Exhibit "I," informed Ben-Trei that, "We certainly agree that we have no meeting of minds" with regard to

the Second Sale, advising Ben-Trei that it would calculate damages which it alleged to have incurred.

21.    On April 1, 1999, INDAGRO by fax message attached herein as Exhibit "J", made demand on Ben-Trei for payment of the sum of $185,785.25 alleged as damages.

22.    On April 6, 1999, by telefax attached hereto as Exhibit "K" Ben-Trei notified INDAGRO that the parties had failed to conclude an agreement for the Second Sale.  Ben-Trei declared INDAGROS' actions constituted a Breach of the Settlement Agreement by failing to abide by the latest shipping date and by failing to supply the Product, making demand for full payment of Ben-Trei's damages as a result of INDAGROS' breach of the First Sale in the amount of $135,000, less the $32,500 previously paid.

23.    On information and belief, INDAGRO'S actions in breaching the Agreement for the First Sale, in breaching the Settlement Agreement, and in reneging on the Agreement for the Second Sale is part of a broader pattern and practice on the part of INDAGRO whereby INDAGRO enters into commercial agreements, and in the interim period between undertaking the contract and performance, closely monitors market conditions and makes decisions regarding its performance based on same.  For example, if market conditions, at the time of performance favor sale, INDAGRO performs its contractual obligations.  If, however, market conditions deteriorate, INDAGRO either breaches its contractual obligations or orchestrates events to make it appear that its contracting party is in breach.  Such conduct places parties proceeding in good faith, such as Ben-Trei, at serious risk and disadvantage, and constitutes the essence of commercial bad faith.

6

24.    Ben-Trei incorporates each and every allegation contained herein in each separate claim for relief as if fully set forth therein.

## FIRST CLAIM FOR RELIEF

### Breach of Settlement Agreement

25.    The actions of INDAGRO constitute a breach of the Settlement Agreement, entitling Ben-Trei to damages in the amount of $135,000, less the $32,500 payment.

WHEREFORE, Ben-Trei prays judgment against INDAGRO in the amount of $112,500, interest, costs of this action, a reasonable attorneys' fee and such other relief as this Court may deem just and equitable.

## SECOND CLAIM FOR RELIEF

### Fraud

26.    The representation of INDAGRO contained in the Settlement Agreement that it would apply $1.00 per metric ton on future sales to the Settlement Agreement was false and made for the purpose of inducing Ben-Trei to agree to the Settlement Agreement, to its detriment.

27.    Such statement was known to be false by INDAGRO when made and was relied upon by Ben-Trei, causing it damage by entering into the Settlement Agreement and by attempting to conclude the Second Sale.

28.    By virtue of such fraudulent misrepresentation, Ben-Trei has been damaged is entitled to compensatory and punitive damages.

WHEREFORE, Ben-Trei prays judgment against INDAGRO in the amount of $112,500.00 its actual damages, together with punitive damages an amount sufficient to deter similar conduct on the part of INDAGRO in the future, and such other relief as deemed just and equitable.

### THIRD CAUSE OF ACTION

### Breach of Second Sales Contract

29.     In the alternative, if this Court holds that Ben-Trei and INDAGRO concluded an agreement for the Second Sale, INDAGRO has breached said agreement, entitling Ben-Trei to damages for such breach.

30.     Damages include damages in the amount of $20,000.00 occasioned by failure to apply a sum equal to $1.00 per metric ton to the balance of the Settlement Agreement and other consequential and incidental damages resulting from such breach.

WHEREFORE, Plaintiff prays judgment against INDAGRO in the amount of $20,000.00, costs, a reasonable attorneys' fee and such other relief as the Court deems just and equitable.

Respectfully submitted this 22nd day of June, 1999.

WM. ERIC CULVER,     OBA #2082
Suite 1402
20 East Fifth Street
Tulsa, OK 74103
Telephone: (918) 587-6171
Telefax:    (198) 587-0902

And

RHODES, HIERONYMUS, JONES, TUCKER
    & GABLE, P.L.L.C.

By:

William S. Leach, OBA #14892
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Oneok Plaza
100 W. 5th Street, Suite 400
Tulsa, Oklahoma 74103-4287
(918) 582-1173
(918) 592-3390 - FAX

**ATTORNEYS FOR PLAINTIFF**

c:\tml\Ben.trei.petition

9



Ben-Trei Ltd.

September 23, 1997
**Ben-Trei, Ltd. Purchase Contract #PE 1338-98**

PARTIES TO THIS CONTRACT ARE:

Ben-Trei, Ltd.
7060 So. Yale Avenue
Suite 999
Tulsa, Oklahoma 74136          - HEREINAFTER CALLED BUYERS
       AND
Indagro S.A.
130 Syngrou Avenue
117 41 Athens, Greece          - HEREINAFTER CALLED SELLERS
Attn:   Mr. Giovanni Del Conte
CC.     Fertinet - Sameer Zahr


On the 23rd day of September 1997, Buyers have agreed to buy from Sellers, and Sellers have agreed to sell to Buyers on following terms and conditions:

| | | | |
|---|---|---|---|
| 1. | PRODUCT/PACKAGING: | Prilled Urea, in bulk | |
| 2. | SPECIFICATIONS: | CHEMICAL | |
| | | Nitrogen: | 46.0% min. |
| | | Moisture: | 0.5% max. |
| | | Biuret: | 1.5% max. |
| | | Granulometry: | 90% min. |
| | | 1-4 MM | |

PHYSICAL:  Prilled, fully cured, and in free flowing condition at time of loading.

3.      QUANTITY:              15,000 Metric Tons +/- 10% to fit vessel size.
4.      DESTINATION:           Peruvian Ports
5.      SHIPPING PERIOD:       September 25 - October 10, 1997
6.      PRICE:                 (USD116.00) One hundred sixteen dollars and no cents per MT in bulk, CFR/FO three Peruvian ports.
7.      SHIPPING TERMS:        CFR/FO three Peruvian ports
        a.      Discharge at one safe / accessible berth or anchorage each, in three safe Peruvian ports. Port rotation at seller's option.
        b.      ETA:  Seller to give buyer 10-7-5-3-2-1 days notice prior to vessel arrival at disport(s).
        c.      Discharge Rate:
                2,000 MT per WWD (24 consecutive hours) SHINC.
        d.      At first discharge port, Laytime to commence at 1300 hours if notice given during office hours prior to 1200 hours and at 0800 hours next working day if notice given during office hours after 1200 hours.  Prior time, if used, to count as laytime. Time at second / third discharge port to commence at the next regular work shift after tendering notice, unless work begun sooner.
        e.      Demurrage / Despatch as per actual charter party, but not to exceed USD8,000 / 4,000 per day prorata on laytime saved.

**EXHIBIT**

"A"

7060 South Yale, Suite 999 • Tulsa, Oklahoma 74136
Telephone: 918-496-5115 • Telex: 203782 BENTR UR • Telefax: 918-496-5568

f.   Any dues, duties, taxes, levies on freight and/or cargo at disport to be for buyer's account including any merchant marine freight tax and other surcharges.

g.   All duties and/or taxes regarding port charges, vessel's agent, etc. for berthing at discharge port are for Seller's / vessel account.

h.   Vessel flag waiver if required to be arranged by and for the account of the buyer.

i.   Vessel will be classed 100A1 Lloyds or equivalent. Vessel will be under 15 years old.

j.   Vessel to be conventionally geared.

k.   Product will be shipped as part or full cargo at seller's option.  If part cargo, buyer's product to be separated from other cargo by natural vessel separation and other receiver should not be in Peru.

l.   Prior to vessel loading, buyer to declare discharge ports and tonnage to be off loaded at each discharge port.

m.   Buyer shall have the right to appoint vessel's agent at the port of discharge. Seller or the owner shall pay customary fees.

8.   <u>PAYMENT TERMS:</u>    Payment under an irrevocable letter of credit drawn on or confirmed by a prime bank with offices in U.S.A., acceptable to Seller, calling for payment at sight at the counters of the opening or confirming bank, against Seller's drafts and agreed documents.  Letter of credit to be in Seller's hands prior to shipment.  Buyer to be responsible for all banking charges to establish L/C.  All banking charges outside the issuing bank are for seller's account.

9.   <u>LOADPORT:</u>             Black Sea Port or Baltic Sea Port at seller's option

10.  <u>DOCUMENTS:</u>          (1)   Commercial Invoice
                            (2)   Certificate of Analysis issued by an internationally recognized independent inspector / laboratory.
                            (3)   Certificate of Weight issued by Lloyd's Representative.
                            (4)   Certificate of Origin issued by local Chamber of Commerce
                            (5)   Clean On Board Ocean Bills of Lading
                            (6)   Certificate of Hold Cleanliness

11.  <u>WEIGHT/ANALYSIS:</u>    Weight: As determined by vessel draft survey performed at loadport by independent inspection (Lloyd's Representative) to be final and govern invoiced quantity.  Quality: As determined by an internationally recognized independent inspection / laboratory at loadport to be final and govern quality shipped.  Cost for independent inspections for Seller's account.

12.  <u>TITLE AND INSURANCE:</u>    Title and risk of loss to pass to Buyer as product passes ships rails (per INCO Terms 1990) and insurance from this point forward to be placed by the Buyer.  Any extra premium of insurance on cargo on account of vessel's age, flag, classification and/or ownership is to be for Seller's account.

13.  <u>FORCE MAJEURE:</u> Neither seller nor buyer shall be held liable for delay or failure in performance of all obligations hereunder including but not limited to the obligation to make or accept deliveries to the extent that such delay or failure is caused by

strikes, floods, storms, fire, pestilence, riots, civil commotion, war, hostilities or governments or governmental agencies, force majeure or other conditions beyond the reasonable control of the seller/buyer. In the event of such contingencies arising, the seller/buyer shall be released from his obligations to the extent that such conditions prevent or impair performance or impose unreasonable demands or disproportionate commercial or other sacrifices or expenses upon the seller/buyer in order to fulfill the contract. If the seller/buyer so requests because of such contingencies, the seller/buyer agrees to extend deliveries for a reasonable length of time.

14.  **ARBITRATION:**  ANY CONTROVERSY OR CLAIM RELATING TO THIS CONTRACT SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATION SHALL BE HELD IN TULSA, OKLAHOMA AND THE PARTIES AGREE TO SUBMIT TO LEGAL JURISDICTION THERE. JUDGEMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY STATE OR FEDERAL COURT HAVING JURISDICTION. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH, AND GOVERNED BY THE FEDERAL ARBITRATION ACT (9 USC §§ ET SEQ), PROVIDED THAT DELIVERY TERMS SHALL BE GOVERNED BY INCOTERMS AS PUBLISHED BY THE INTERNATIONAL CHAMBER OF COMMERCE 1990.

15.  **ENTIRETY:** The entire contract between the parties is contained in the written agreement, and no representation nor oral agreement nor understanding not contained in this contract shall effect or alter same.

16.  **SPECIAL TERMS AND CONDITIONS:** Inco Terms 1990 to apply.
   1.  Origin: Black Sea, Baltic Sea at seller's option.
   2.  Vessel Approval: Prior to final vessel fixture, seller to fully describe vessel and seek buyer's acceptance of vessel. Buyer's approval of vessel to be made promptly to allow final fixture of nominated vessel.

Ben-Trei, Ltd. appreciates this opportunity to work with Indagro S.A.

**BUYER:**                                    **SELLER:**
**Ben-Trei, Ltd.**                            **Indagro S.A.**

Darrell D. Ingram
**Vice President**

cc.   Fertinet - Mr. Sameer Zahr





## COMMERCIAL INVOICE

**TO:**      **INDAGRO CONTRACTORS LIMITED**      **DATE:**      11/13/97
          14/15 PARLIAMENT STREET
          DUBLIN 2 IRELAND       **INVOICE NO:**     **004494**

**ATTN:**      ALEC DEL CONTE

**REFERENCE:**   BEN TREI CONTRACT NO:     PE1338-98
             (INDAGRO CONTRACT NO:     C/97247)

**PAYMENT**     CASH AGAINST DOCUMENTS VIA TELEGRAPHIC TRANSFER OF FEDERAL FUNDS
**TERMS:**       ON NOVEMBER 30, 1997

| DESCRIPTION | AMOUNT |
|---|---|
| PRODUCT: PRILLED UREA IN BULK<br>TOTAL LOSS: 15,000 MT @ USD9.00/MT | USD135,000.00 |
| AGREED SETTLEMENT:<br>EACH PARTY TO PAY ONE HALF OF LOSS - TOTAL<br>AMOUNT DUE BEN-TREI, LTD. | USD67,500.00 |
| PARTIAL PAYMENT DUE ON NOVEMBER 30, 1997 | USD32,500.00 ★ |
| BALANCE DUE, AND TO BE APPLIED TO FUTURE<br>CONTRACTS | USD35,000.00 |

**PLEASE WIRE TRANSFER FUNDS TO:**

**BANK OF OKLAHOMA, N.A.**
**TULSA, OK**
**ABA NO. 103900036**
**FOR CREDIT TO BEN-TREI, LTD.**
**ACCOUNT NO. 923865635**

*received* $32,500.00
12/29/97 ⊔Γ

PE1338-98/INDAGRO

CERTIFIED TRUE AND CORRECT

JENNIFER GU

EXHIBIT

"B"

7060 South Yale, Suite 999 • Tulsa, Oklahoma 74136
Telephone: 918-496-5115 • Telex: 203782 BENTR UR • Telefax: 918-496-5568

07/24/1998  12:33    2035631005    ATLANTIC FERTILIZER


# Ben-Trei Ltd.

## FAX MESSAGE

| | |
|---|---|
| **TO:** | INDAGRO - TPA **FAX NO:** 813-960-4181 |
| **ATTENTION:** | ALLEN KELLER |
| **FROM:** | PAUL S. JACOBOWITZ |
| **DATE:** | JULY 24, 1998 |
| **SUBJECT:** | UREA EX- ST. PETERSBURG |

**TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET: 2**

FURTHER TO OUR TELCONS AND FAX EXCHANGE WE ARE PLEASED TO CONFIRM THE FOLLOWING PURCHASE FROM INDAGRO CONTRACTORS, LTD.:

**PRODUCT:**    PRILLED UREA (46-0-0)

**QUANTITY:**    20,000 MT +/- 10% SHIPPING TOLERANCE

**PACKAGING:**    IN BULK

**ORIGIN:**    RUSSIA

**SPECIFICATIONS:**

| | |
|---|---|
| NITROGEN CONTENT AS N | 46.0 PERCENT MIN. |
| BIURET | 1.0 PERCENT MAX. |
| MOISTURE | 0.5 PERCENT MAX. |
| GRANULOMETRY | 90.0 PERCENT MIN.  1.0 - 4.0 MM |

WHITE, FERTILIZER-GRADE, FULLY-CURED, TREATED AND COATED AGAINST CAKING, FREE-FLOWING AT LOADPORT, FREE FROM HARMFUL SUBSTANCES

**SHIPPING PERIOD:**    AUGUST 1 / 10, 1998

**PRICE:**    US$ 83.25 (EIGHTY-THREE DOLLARS AND TWENTY-FIVE CENTS) PER MT FOB VESSEL, TRIMMED IN SO FAR AS THE LOADING FACILITIES CAN ACCOMODATE, ONE SAFE BERTH ST. PETERSBURG.

**PAYMENT TERMS:**    PAYMENT UNDER AN IRREVOCABLE DOCUMENTARY SIGHT LETTER OF CREDIT, ADVISED TO AND PAYABLE AT THE COUNTERS OF SELLER'S DESIGNATED BANK AGAINST SELLER'S DRAFT AND THE FOLLOWING SHIPPING DOCUMENTS:
-COMMERCIAL INVOICE
-FULL SET (3/3) OF CHARTER PARTY BILLS OF LADING MARKED"CLEAN ON BOARD" AND "FREIGHT PAYABLE AS PER CHARTER PARTY" OR "FREIGHT PREPAID"

**EXHIBIT**

"C"

7060 South Yale, Suite 999 • Tulsa, Oklahoma 74136
Telephone: 918-496-5115 • Telex: 203782 BENTR UR • Telefax: 918-496-5568

07/24/98  FRI 11:31  [TX/RX NO 5694]

07/24/1998  12:33    2035631005                    ATLANTIC FERTILIZER

**INDAGRO UREA CONFIRMATION - PAGE 2 OF 2**

-ORIGINAL CERTIFICATE OF ANALYSIS
-ORIGINAL CERTIFICATE OF WEIGHT
-ORIGINAL CERTIFICATE OF ORIGIN
ALL BANKING CHARGES IN THE U.S. ARE FOR BUYER'S ACCOUNT, ALL
BANKING CHARGES OUTSIDE THE U.S. ARE FOR SELLER'S ACCOUNT.
BUYER AGREES TO MAKE BEST EFFORTS TO HAVE L/C AT COUNTERS OF
SELLER'S DESIGNATED BANK NO LATER THAN THURSDAY, JULY 30, 1998.

**SHIPPING TERMS:**        -SELLER TO PROVIDE ONE GOOD, SAFE, ALWAYS ACCESSIBLE BERTH
WHERE CARGO TO BE LOADED, SPOUT-TRIMMED, AT THE RATE OF 2,000
MT/WWDSATPMSHEXUU, ATUTC;
-LAYTIME TO COMMENCE AND TO RUN IN ACCORDANCE WITH GOVERNING
CHARTER PARTY;
-DEMURRAGE / DESPATCH AND ALL OTHER MARITIME TERMS AS PER
GOVERNING CHARTER PARTY;

**WEIGHT**        QUANTITY AND QUALITY SHALL BE DETERMINED AT TIME OF LOADING BY
**AND ANALYSIS:**        LOCAL OFFICE OF INSPECTORATE, WITH COSTS FOR SELLER'S ACCOUNT.
RESULTS SO DETERMINED TO BE FINAL AND BINDING UPON BOTH PARTIES.

**INSURANCE:**        TITLE TO PRODUCT AND RISK OF LOSS SHALL PASS TO BUYER AS
PRODUCT PASSES VESSEL'S RAIL AT LOADPORT. INSURANCE FOR CARGO
LOADED SHALL BE THE RESPONSIBILITY OF THE BUYER.

**INCOTERMS:**        INCOTERMS 1990, AS AMENDED FROM TIME TO TIME, SHALL GOVERN ANY
THIS TRANSACTION.

**SPECIAL CONDITIONS:**  UNDER THE TERMS OF CHEMITRANS' LETTER DTD NOVEMER 12 (DECEMBER
11?), 1997, WE HAVE REQUESTED THAT US$ 1.00/MT OF THE REMAINING US$ 35,000.00 BALANCE
DUE BEN-TREI BE 'HANDLED' AGAINST THIS CONTRACT BY A REDUCTION OF US$ 1.00/MT IN THE
PURCHASE PRICE AND UNDERLYING L/C. IF THIS IS NOT FEASIBLE WE WILL AGREE TO A $0.50/MT
PRICE REDUCTION WITH US$ 0.50/MT TO BE REMITTED OUTSIDE THE L/C WITHIN THREE BANKING
DAYS OF INDAGRO'S COLLECTION OF PROCEEDS UNDER THE L/C.

ALLEN -- WE ARE VERY PLEASED TO HAVE CONCLUDED THIS NEW BUSINESS WITH INDAGRO
THROUGH YOUR GOOD OFFICES. LET'S YOU AND I WORK CLOSELY TO ENSURE IT GOES WITHOUT A
HITCH. FOR GOOD ORDER'S SAKE ATLANTIC-WILTON WILL CONTINUE BE THE FOCAL POINT FOR
COMMUNICATION ON THIS CONTRACT.

PLEASE LET US HAVE YOUR CONFIRMATION OF THE ABOVE TERMS AND CONDITIONS BEFORE COB
TODAY. OUR HARD CONTRACT WILL FOLLOW SHORTLY -- DO WE SEND IT TO YOU OR DIRECTLY TO
ALEC IN GREECE??

BEST REGARDS,

PAUL S. JACOBOWITZ
FOR BEN-TREI, LTD.

CC: BTL - TULSA

918 496 5568



REF:     4797271B001      MON 03 AUG 98 11:00 GMT

FROM:    INDAGRO
         301 9249249


COMPUTERIZED MSG TRANSMISSION
INDAGRO SA 130 SYNGROU AVENUE 176 71 ATHENS GREECE
PHONE (30 1) 924 9600   FAX (30 1) 924 9249   TLX  224426 IND GR
COMTEXT E-MAIL: A44GR745

3 Aug 98/12:53/Msg. No: 62920-JK


TO BEN-TREI TULSA
ATTN MR P S JACOBOWITZ

FM INDAGRO ATHENS

CC INDAGRO TAMPA
   MR A KELLER

RE 20,000 MT BLK UREA EX ST PETERSBURG - OUR REF C/98160
----------------------------------------------------------

REFERRING TO A/M TRANSACTION HEREBELOW YOU MAY FIND AMENDMENTS THAT
WE REQUIRE TO THE LETTER OF CREDIT NO. IM100021 ISSUED BY HARRIS
TRUST & SAVINGS BANK, CHICAGO.

KINDLY BE NOTED THAT WE HAVE NO OTHER OPTION BUT TO CONSIDER THE L/C
AS FULLY OPERATIVE ONLY UPON RECEIPT OF SUCH AMENDMENTS THROUGH
ADVISING BANK.

MEANWHILE, LOOKING FORWARD TO RECEIVING YR VESSEL NOMINATION
URGENTLY.

QTE

1/     DATE AND PLACE OF EXPIRY (31D), TO READ :

       21 SEPTEMBER 1998
       AT THE COUNTERS OF UBS AG, GENEVA

2/     CREDIT AMOUNT (32B) TO READ :

       USD 1,494,900.00-- (MIN/5 PCT MORE)

3/     AVAILABLE WITH ... BY ... (41D) TO READ :

       WITH UBS AG, GENEVA
       FOR NEGOTIATION

4/     DRAWEE (42D) TO READ :

       UBS AG, GENEVA

Page 1, document continues ...

EXHIBIT

"D"

08/03/98  MON 05:57  [TX/RX NO 5938]

918 496 5568

5/  LATEST DATE OF SHIPMENT (44C) TO READ :

30 AUGUST 1998

6/  QUANTITY OF GOODS (45A) TO READ :

18,000 MT (MIN/5 PCT MORE)

7/  UNDER DESCRIPTION OF GOODS (45A) FLLWG TO BE DELETED :

'... FERTILIZER-GRADE, FULLY CURED, ...'

8/  LAST LINE UNDER CLAUSE (45A) TO BE REPLACED WITH :

UNIT PRICE : USD 83.05 PER MT FOB ST. PETERSBURG, RUSSIA

9/  DOCUMENTS REQUIRED UNDER PARA (46A) TO BE FULLY REPLACED
    WITH FOLLOWING ONES:

+   COMMERCIAL INVOICE, IN ONE ORIGINAL PLUS 3 COPIES
    EVIDENCING FULL DETAILS OF THE SHIPMENT.

+   FULL SET OF 3/3 ORIGINAL PLUS 3 NON-NEGOTIABLE COPIES
    CLEAN ON BOARD CHARTER PARTY BILLS OF LADING,
    ISSUED TO THE ORDER OF BEN TREI, LTD.,
    NOTIFY 'BEN TREI, LTD.7060 SOUTH YALE, SUITE 999,
          TULSA, OK 74136, U.S.A.,
    MARKED 'FREIGHT PAYABLE AS PER CHARTER PARTY'.

+   CERTIFICATE OF ANALYSIS ISSUED BY BENEFICIARY IN ONE
    ORIGINAL PLUS ONE COPY, CERTIFYING PRODUCT IS IN FULL
    COMPLIANCE WITH THE SPECIFICATIONS OF THIS L/C.

+   CERTIFICATE OF WEIGHT ISSUED BY BENEFICIARY, IN ONE
    ORIGINAL PLUS ONE COPY.

+   CERTIFICATE OF ORIGIN ISSUED BY A LOCAL CHAMBER OF
    COMMERCE, IN ONE ORIGINAL PLUS ONE COPY.

+   BENEFICIARY'S DECLARATION CONFIRMING THAT ONE COPY OF ALL
    THE ABOVE MENTIONED DOCUMENTS HAS BEEN SENT BY FAX TO THE
    APPLICANT WITHIN FIVE WORKING DAYS AFTER B/L DATE.

+   BENEFICIARY'S SHIPPING ADVICE SENT TO APPLICANT VIA
    FAX (FAX NO. 1 918 496 5568) WITHIN TWO WORKING DAYS
    AFTER B/L DATE ADVISING FULL DETAILS OF THE SHIPMENT.

10/  UNDER ADDITIONAL CONDITION NO (1), FEES FOR EACH DISCREPANCY
     TO BE SPECIFIED.

11/  UNDER SPECIAL CONDITION NO (1), FLLWG TO BE DELETED:

'... AND COPIES) ...'

12/  SPECIAL CONDITION NO (3) TO BE DELETED IN ITS ENTIRETY.

13/  SPECIAL CONDITION NO (7) TO READ :

- A TOLERANCE OF (0 / + 5 PCT) UNDER BOTH CREDIT AMOUNT AND
  QUANTITY OF GOODS IS ALLOWED UNDER PRESENT LETTER OF CREDIT

14/  FOLLOWING SPECIAL CONDITION TO BE ADDED :

- THIRD PARTY DOCUMENTS ARE ACCEPTABLE.

UNQTE

Page 2, document continues ...

08/03/98  MON 05:57  [TX/RX NO 5938]

918 496 5568

BEST REGARDS
JOANNA KARABELA
INDAGRO SA
FOR AND ON BEHALF OF INDAGRO CONTRACTORS LTD., DUBLIN

END

Last page, 3 pages in total

08/03/98  MON 05:57  [TX/RX NO 5938]

**HARRIS BANK.**

H_____ Trust and Savings Bank          Attn: _____r of Credit Section
P.O. Box 755                             311 W. Monroe St., 13th Floor
Chicago, Il 60690-0755                   Chicago, Illinois 60606

- 1 -

```
UNION BANK OF SWITZERLAND          AUGUST 3, 1998      X
GENEVA. SWITZERLAND                                    X
ATTN: L/C DEPARTMENT                                   X
---------------------------------------------------->  X
---------------------------------------------------->  X
:79 :      BEGIN TO ENTER TEXT ON NEXT LINE:           X
 :    :X SEQUENCE OF TOTAL: 1/3
 :    :X REOUR L/C IM100021 ISSUED 980730
 :    :X BENEFICIARY: INDAGRO CONTRACTORS LIMITED
 :    :X APPLICANT:  BEN TREI, LTD.
 :    :X AMOUNT:  USD 1,526,043.75
 :    :X
 :    :X WE AMEND OUR ABOVE L/C AS FOLLOWS: L/C AMOUNT
 :    :X HAS BEEN INCREASED BY USD 3,675.00, NEW L/C
 :    :X AMOUNT NOW READS AS USD 1,529,718.75 MAXIMUM
 :    :X
 :    :X
 :    :X THIS CREDIT IS NOW AVAILABLE WITH:
 :    :X "UBS AG, GENEVA" FOR NEGOTIATION
 :    :X DRAWEE TO READ AS: "UBS AG, GENEVA"
 :    :X
 :    :X THE DESCRIPTION OF MERCHANDISE IS CHANGED
 :    :X TO READ: "MINIMUM 18,000 MT MAXIMUM 18,375
 :    :X MT PRILLED UREA IN BULK
 :    :X SPECIFICATIONS:
 :    :X NITROGEN:  46 PERCENT MIN.
 :    :X BIURET: 1.0 PERCENT MAX.
 :    :X MOISTURE: 0.5 PERCENT MAX.
 :    :X GRANULOMETRY: 90 PERCENT MIN BETWEEN 1-4 MM
 :    :X
 :    :X WHITE, PRILLED, TREATED AND COATED AGAINST
 :    :X CAKING, FREE-FLOWING AT LOAD PORT, FREE FROM
 :    :X HARMFUL SUBSTANCES.
 :    :X UNIT PRICE: USD 83.25 PER MT
 :    :X FOB ST. PETERSBURG, RUSSIA
 :    :X SHIPMENT FROM: ST. PETERSBURG, RUSSIA
 :    :X SHIPMENT TO: FOUR PORTS IN PAITA - MATARANI
 :    :X RANGE, PERU."
 :    :X
 :    :X FIELD 46A SHOULD NOW READ AS FOLLOWS:
 :    :X + COMMERCIAL INVOICE IN ONE ORIGINAL PLUS 3
 :    :X COPIES EVIDENCING FULL DETAILS OF SHIPMENT.
 :    :X + FULL SET OF 3/3 ORIGINAL PLUS 3
 :    :X NON-NEGOTIABLE COPIES CLEAN ON BOARD CHARTER
 :    :X PARTY BILLS OF LADING, ISSUED TO THE ORDER OF
 :    :X BEN TREI, LTD., NOTIFY "BEN TREI, LTD., 7060
 :    :X SOUTH YALE, SUITE 999, TULSA, OK 74136, U.S.A."
 :    :X
 :    :X
 :    :X
 :     X
```

THIS DOCUMENT CONSISTS OF   1 PAGES

**EXHIBIT**

"E"

 **HARRIS BANK.**

Ha  ) Trust and Savings Bank
P.O. Box 755
Chicago, Il 60690-0755

Attn:    :ter of Credit Section
311 W. Monroe St., 13th Floor
Chicago, Illinois 60606

```
                                    - 1 -

UNION BANK OF SWITZERLAND         AUGUST 3, 1998          X
GENEVA, SWITZERLAND                                       X
ATTN: L/C DEPARTMENT                                      X
------------------------------------------------------>  X
-----------------------------------------------------> X  X
:79 :      BEGIN TO ENTER TEXT ON NEXT LINE:             X
:   :X SEQUENCE OF TOTAL: 3/3
:   :X
:   :X TO THE APPLICANT AT BEN TREI, LTD., 7060 SOUTH
:   :X YALE, SUITE 999, TULSA, OK 74136. U.S.A. WITHIN
:   :X 10 DAYS OF B/L DATE.  ORIGINALS AND COPIES OF
:   :X ALL OTHER DOCUMENTS TO BE SENT TO THE OPENING
:   :X BANK VIA COURIER AT EARLIEST OPPORTUNITY."
:   :X
:   :X ANY DISCREPANT DOCUMENTS PRESENTED UNDER THIS
:   :X LETTER OF CREDIT WILL BE ASSESSED A FEE OF
:   :X USD 45.00 WHICH WILL BE DEDUCTED FROM THE
:   :X PROCEEDS TO THE BENEFICIARY.
:   :X
:   :X LATEST SHIPMENT HAS BEEN EXTENDED TO:
:   :X AUGUST 30, 1998
:   :X
:   :X EXPIRATION DATE HAS BEEN EXTENDED TO:
:   :X SEPTEMBER 21, 1998
:   :X
:   :X PLACE OF EXPIRY NOW TO READ:
:   :X"AT THE COUNTERS OF UBS AG, GENEVA".
:   :X
:   :XALL OTHER TERMS AND CONDITIONS REMAIN
:   :X UNCHANGED.
:   :X
:   :X JFM
:   :X

          THIS DOCUMENT CONSISTS OF   1 PAGES
```

Data & Control Equipment    XBOX                    918 496 5568



REF:     5094630B001      THU 13 AUG 98 16:43 GMT

FROM:    INDAGRO
         301 9249249


COMPUTERIZED MSG TRANSMISSION
INDAGRO SA 130 SYNGROU AVENUE 176 71 ATHENS GREECE
PHONE (30 1) 924 9600  FAX (30 1) 924 9249   TLX  224426 IND GR
COMTEXT E-MAIL: A44GR745

13 Aug 98/19:41/Msg. No: 63437-JK


TO BEN-TREI TULSA
ATTN MR P S JACOBOWITZ

FM INDAGRO ATHENS

CC ATLANTIC WILTON

CC INDAGRO TAMPA
   MR A KELLER

RE OUR CONTRACT C/98160 FOR 20,000 MT (+/- 10 PCT) UREA IN BULK FOB
   ST. PETERSBURG
-----------------------------------------------------------------

WE REGRET TO REMIND YOU THAT TODAY BEING AUGUST 13, 1998 YOU ARE
OUTSIDE OUR CONTRACTUAL SHIPPING DATES.

PLEASE NOTE THAT WE HAVE JUST BEEN ADVISED BY OUR SUPPLIERS THAT THEY
HAVE GREAT DIFFICULTIES TO EXTEND LOADING WINDOW FOR THIS CARGO.

WE HAVE BEEN INFORMED THAT SINCE WE HAVE NOW MISSED OUR CONTRACTUAL
LOADING DATES THEY DO NOT KNOW WHEN A NEW LAYCAN WILL BE AVAILABLE.

FURTHERMORE, PLEASE NOTE THAT WE, IN TURN, HAVE NO OTHER CHOISE BUT
TO ADVISE YOU THAT YOU HAVE BREACHED OUR CONTRACT BY NOT PROVIDING A
SUITABLE LETTER OF CREDIT AND PERFOMING VESSEL.

OBVIOUSLY, WE HAVE TO HOLD YOU FULLY RESPONSIBLE FOR ANY DAMAGES THAT
MAY OCCUR INCLUDING BUT NOT LIMITED TO STORAGE CHARGES, CARRYING
INTEREST CHARGES, ETC.

PLEASE BE GUIDED ACCORDINGLY.

BEST REGARDS
ALEC N DEL CONTE
SENIOR VICE PRESIDENT
INDAGRO SA
FOR AND ON BEHALF OF INDAGRO CONTRACTORS LTD., DUBLIN


END

Last page, 1 page in total

08/13/98  THU 11:39  [TX/RX NO 6275]

EXHIBIT

"F"



# Ben-Trei Ltd.

## FAX MESSAGE

| | |
|---|---|
| **TO:** | **INDAGRO** |
| **ATTN:** | **ALEC N. DEL CONTE**    **FX: 011-301-924-9249** |
| **CC:** | **ALLEN KELLER**    **FX: 813-960-4181** |
| **FROM:** | **KENNETH R. TREIBER** |
| **DATE:** | **AUGUST 13, 1998** |
| **SUBJ:** | **CONTRACT C/98160 FOR 20,000 M.T. +/- 10% UREA IN BULK FOB ST. PETERSBURG** |

**NO. OF PAGES (INCLUDING THIS ONE) - 1 -**

WE ARE IN RECEIPT OF YOUR FAX OF TODAY'S DATE IN WHICH YOU INDICATE THAT WE ARE OUTSIDE OF THE CONTRACTUAL SHIPPING DATES.

PLEASE NOTE THAT AT YOUR REQUEST, WE EXTENDED OUR LETTER OF CREDIT LATEST SHIPPING DATE UNTIL AUGUST 30, 1998, THEREBY DE FACTO EXTENDING THE SHIPPING PERIOD FROM THAT IN THE ORIGINAL CONTRACT.

FURTHER, WE EXPLAINED TO ALLEN KELLER, ON TUESDAY OF THIS WEEK, THAT WE HAD NOT AMENDED OUR LETTER OF CREDIT AS YOU HAD REQUESTED, ONLY BECAUSE WE HAD DETERMINED THAT WE WOULD HAVE TO TAKE YOUR CARGO TO A DIFFERENT DESTINATION AND RATHER THAN MAKING TWO AMENDMENTS, THAT IS, THE ONE REQUESTED BY YOU, AND THEN TO RE-AMEND WITH A NEW DESTINATION, WE INDICATED WE WOULD DO BOTH AMENDMENTS AS SOON AN ALTERNATIVE DESTINATION HAD BEEN DESIGNATED.

THE QUESTION THEN IS, WHETHER YOUR SUPPLIER CAN GIVE US AN EXTENSION ON THE LOAD WINDOW, FAILING WHICH WE AGREE THAT YOU WOULD HAVE NO CHOICE BUT TO CANCEL THIS CONTRACT.

OBVIOUSLY, WE WOULD PREFER A LOAD WINDOW EXTENSION THAT WOULD ENABLE US TO COMPLETE OUR CURRENT NEGOTIATIONS FOR LOADING OF THIS CARGO, AND FULL PERFORMANCE UNDER THE CONTRACT WHICH WAS AND IS OUR INTENT. IF YOUR SUPPLIER IS UNABLE TO EXTEND THE LOAD WINDOW, WE WOULD CONSIDER YOUR PROPOSAL TO CANCEL THE CONTRACT WITHOUT FURTHER LIABILITY ON THE PART OF EITHER PARTY.

BEST REGARDS,

**EXHIBIT**

"G"

> 9184963265

 **INDAGRO**

REF:      5151731B001        MON 17 AUG 98 15:02 GMT

FROM:    INDAGRO
         301 9249249

COMPUTERIZED MSG TRANSMISSION
INDAGRO SA 130 SYNGROU AVENUE 176 71 ATHENS GREECE
PHONE (30 1) 924 9600    FAX (30 1) 924 9249    TLX  224426 IND GR
COMTEXT E-MAIL: A44GR745

17 Aug 98/17:54/Msg. No: 63530-LT

TO BEN-TREI TULSA
ATTN MR PAUL S JACOBOWITZ
     MR KENNETH R TREIBER

FM INDAGRO ATHENS

CC ATLANTIC WILTON

CC INDAGRO TAMPA
     MR ALLEN KELLER

RE OUR CONTRACT C/98160 FOR 20,000 MT (+/- 10 PCT) UREA IN BULK FOB
   ST. PETERSBURG
---------------------------------------------------------------

- WITHOUT PREJUDICE -

YOUR FAX DD 13.08.98 REFERS, CONTENT OF WHICH DULY NOTED.

WOULD LIKE TO CLARIFY THAT SHIPMENT OF OUR CONTRACT, WAS 1-10/08/98.

TO OUR SURPRISE YR LC WAS OPENED WITH LATEST SHIPMENT DATE 15/08/98,
WHICH IS TOTALLY INCONSISTENT WITH LATTER.

FYG, OUR LOADRATE STIPULATES 2,000 MT PER DAY, T'FORE, IF ONE TAKES
LAST DATE OF PRESENTATION OF VESSEL ALLOWED ON 10.08.98, IT WOULD
TAKE NO LESS THAN 14 DAYS TO COMPLETE LOADING. ALSO, TAKING 6 DAYS
FOR RAIN AND/OR OTHER UNEXPECTED CIRCUMSTANCES, THIS WOULD TAKE US TO
THE 30TH OF AUGUST, 1998.

BELIEVE WE DO NOT HAVE TO ELABORATE FURTHER TO THE LOGIC OF THE
ABOVE.

CONSEQUENTLY, YR ASSUMPTION THAT LATEST SHIPMENT DATE HAS BEEN
EXTENDED, IS TOTALLY REJECTED AND UNFOUNDED TO SAY THE LEAST.

HAVING SAID THE ABOVE AND WITHOUT PREJUDICE TO OUR RIGHTS PLUS
FURTHER TO SEVERAL CALCULATIONS OF OUR COSTS, WE ARE READY TO GIVE
YOU THIS PRODUCT WITH LAYCAN 25-30.08.98, AT THE PRICE OF USD 86.00
PMT FOB, WHICH PLS REPLY WITHIN COB TODAY.

Page 1, document continues ...

**EXHIBIT**

"H"

03/17/98  MON 10:00  [TX/RX NO 6322]

9184963265

THIS PRICE IS NET TO INDAGRO AND USD 1.00 PMT TO BEN-TRE. IS TO BE
ELIMINATED.

OBVIOUSLY, IF YOU CAN NOT ACCEPT THIS INCREASE OF PRICE, WE WILL HAVE
TO PRESENT YOU OUR COST CALCULATIONS OF DAMAGE DUE TO YOUR NON
PERFORMANCE.

REGARDS
ALEC N DEL CONTE
SENIOR VICE PRESIDENT
INDAGRO SA
FOR AND ON BEHALF OF INDAGRO CONTRACTORS LTD., DUBLIN


END

Last page, 2 pages in total

08/17/98  MON 10:00  [TX/RX NO 6322]



Page: 1/2

```
COMPUTERIZED FAX TRANSMISSION
INDAGRO SA 130 SYNGROU AVENUE 176 71 ATHENS GREECE
PHONE (30 1) 924 9600  FAX (30 1) 924 9249   TLX 224426 IND GR
CONTEXT E-MAIL: A44GR745     INTERNET E-MAIL: indagro@netor.gr

Date: 25 Aug 98   Time: 21:06   Msg. No: 64181-VK
```

**Please call if you do not see *** END OF FAX *** on bottom line of fax**

TO BEN-TREI LTD TULSA
ATTN MR PAUL JACOBOWITZ

FM INDAGRO ATHENS

CC INDAGRO TAMPA
   MR ALLEN KELLER

RE OUR CONTRACT NO. C/98160 FOR 20.000 MT +/- 10PCT UREA IN BULK FOB
   ST. PETERSBURG
-----------------------------------------------------------------

                        WITHOUT PREJUDICE

THANK YOU FOR YR FAX DD AUGUST 17TH.

REGRET LATE REPLY WHICH IS DUE TO TRAVEL OF UNDERSIGNED.

IT IS QUITE IRONIC THAT YOU MENTIONED PAST PERFORMANCE IN YOUR A/M
FAX, NEVERTHELESS, WE CERTAINLY DO AGREE THAT WE HAVE NO MEETING OF
MINDS.

WE ARE LEFT WITH NO CHOICE BUT TO ADVISE YOU THAT DUE TO YR
UNILATERAL BREACH OF OUR CONTRACT WE HOLD YOU FULLY RESPONSIBLE FOR

EXHIBIT

"I"

08/25/98  TUE 13:06  [TX/RX NO 6628]

ALL COSTS AND DAMAGES THAT    HAVE OR WILL OCCUR.

WE SHALL CALCULATE AND REVERT WITH SAME SOON.

REGARDS
ALEC DEL CONTE
INDAGRO SA

*** END OF FAX ***

e: 2/2



**INDAGRO**

INDAGRO SA
190 SYNGROU AVENUE
176 71 ATHENS
GREECE

# FAX MESSAGE

| | |
|---|---|
| **TO** ﹐BEN-TREI LTD | **DATE**  1 April, 1999 |
| **ATTN**  Mr Kenneth Treiber/ Mr Paul Jacobowitz | **TIME**   13:01 |
| ﹚ | **TOTAL PAGES**   3 |
| **RE**   Contract No C/98160, dated 28.7.1998, 20,000mt Urea | |
| FOB  St Petersburg | |

**"WITHOUT PREJUDICE"**

Reference is made to the contract No C/98160 dated July 28,1998 between your company, BEN-TREI LTD and our, INDAGRO CONTRACTORS LIMITED, covering our sale of 20,000mt Urea at a price of USD 83,25.00/mt- FOB, St Petersburg.

The contract being on FOB terms requires buyers of the cargo, to give effective shipping instructions (i.e. nominate a vessel) and accept delivery of the cargo within the shipment dates of the contract.

In view of the fact that you have been clearly in breach of your above mentioned contractual obligations (as also per our fax messages dated 13th, 17th and 25th August 1998), please be advised that we hold you responsible for all the damages we have suffered due to this breach of yours, reaching until today the amount of USD 185,785.25 (as per enclosed copy invoice No 1999101 dated April 1, 1999). Furthermore, due to the fact that a balance of USD 358,750.00 from the advance payment to our Sellers has not been returned to us yet please be advised that we reserve our rights to revert with claiming interest for the same amount for the time after the 12.11.98 until the final repayment date.

We hereby ask you to settle the amount of our claim latest by Friday 16 April, 1999 otherwise please be advised that we shall proceed with commencing arbitration

Phone (30 1) 924 9600          Fax (30 1) 924 9249          Telex 224426 IND GR
Comtext E-Mail : A44GR745          Internet E-Mail: indagro@notor.gr
Page 1

**EXHIBIT**

**"J"**

04/01/99  THU 06:03  [TX/RX NO 7710]

proceedings in the International Chamber of Commerce in London in accordance with the arbitration clause in the contract.

Yours sincerely

Marianna Nathanail

(Legal Department)

Indagro S.A.

For and on behalf of INDAGRO CONTRACTORS LIMITED

CC: INDAGRO Tampa, Mr Allen Keller

Phone (30 1) 924 9600        Fax (30 1) 924 9249        Telex 224426 IND GR
Comtext E-Mail : A44GR745        Internet E-Mail: indagro@netor.gr
Page 2

04/01/99  THU 08:03  [TX/RX NO 7710]

01/04/99    14:03    INDAGRO SA 9249249 → 918 496 5568    NO.060



**INDAGRO**

BEN-TREI LTD
7060 SOUTH YALE, SUITE 999
TULSA, OKLAHOMA 74136
U.S.A.

INQUIRIES TO
INDAGRO SA
130 Syngrou Avenue
17671 Athens Greece
Phone (30 1) 924 9600
Fax (30 1) 924 9249
Telex 224426 IND GR

DATE 1/4/1999
BUYER'S REFERENCE
ORIGIN RUSSIA
B/L DATE
PORT OF DISCHARGE

COMMERCIAL
INVOICE NUMBER   1999101
OUR REFERENCE    C/98160
TERMS OF DELIVERY   FOB
VESSEL
PORT OF LOADING

| DESCRIPTION | QUANTITY METRIC TONS | UNIT PRICE US DOLLARS | AMOUNT US DOLLARS |
|---|---|---|---|
| INTEREST 11% ACCRUED FROM 2/7/98 TO 1/1/99 ON THE ADVANCE PAYMENT OF USD 5,415,000 MADE TO AHE ON 2/7/98 FOR 20,000,000 MT OF UREA IN BULK, FOB ST PETERSBURG. | | | 55,785.00-- |
| OUR ADMINISTRATIVE CHARGES AND OTHER EXPENSES | | | 5,000.00-- |
| DAMAGES PAID TO OUR SELLERS FOR BREACH OF OUR PURCHASE CONTRACT (DIFFERENCE BETWEEN INITIAL CONTRACT PRICE USD82.50 AND SUBSTITUTE PRICE USD 77) | 20,000,000 | 5.50 | 110,000.00-- |
| SELLERS ADMINISTRATION CHARGES PAID | | | 5,000.00-- |
| SELLERS WAGONS EXPENSES & LOADING | | | 10,000.00-- |
| | | TOTAL DUE | 185,785.00-- |

PAYMENT TERMS
PROMPTLY UPON RECEIPT OF PRESENT INVOICE

REMITTANCE INSTRUCTIONS
Account No 101.302.0 with UBS AG, Geneva (Swift No SBCOCHGG12A) through UBS AG, New York (Swift No SBCOUS33) under your Banker's tested telex pre-advice to be sent TWO WORKING DAYS prior due date directly to UBS AG, Geneva, to the Attn of Mrs. M-F Deflaugt (Telex No 422235 BSG CH).For the account of: Indagro Contractors Limited (Commodities Division)

INDAGRO
CONTRACTORS LIMITED
AUTHORIZED SIGNATORY

NOTICE
Any amounts not settled on due date shall accrue interest at the current USD rates available with Swiss Banks.

Indagro Contractors Limited, 14/15 Parliament Street, Dublin 2 Ireland, Phone (01) 71 55 64, Fax (01) 71 55 59, Telex 75611 CHC

04/01/99   THU 06:03   [TX/RX NO 7710]



April 16, 1999

**Via Telefax: (30 1) 924 9249**

INDAGRO SA
130 Syngrou Avenue
176 71 Athens
Greece

ATTN. Ms. Marianna Nathanail

Re:    Ben-Trei, Ltd.   Contract No. PEI 1338-98

Dear Ms. Nathanail:

Reference is made to Ben-Trei, Ltd. Commercial Invoice No. 004494, dated November 15, 1997, with regard to settlement of losses suffered by Ben-Trei, Ltd., pertaining to the captioned contract. Such invoice evidences settlement, whereby INDAGRO CONTRACTORS LIMITED agreed to pay the sum of USD 67,500.00, to Ben-Trei, Ltd., of which USD 32,500.00 has been paid.

With regard to your fax message of April 1, 1999, it is our position that the parties failed to conclude a contract regarding the purchase of 20,000 MT of prilled area *ex* St. Petersburg. This failure is principally due to the parties' inability to agree upon material terms of a contract, culminating in INDAGRO's inability to supply the desired product.

More importantly, we view INDAGRO's actions as a breach of our Settlement Agreement and intended to prevent Ben-Trei's collection of Invoice No. 004494. Accordingly, by virtue of the breach of our Settlement Agreement, Ben-Trei hereby claims compensatory damages from INDAGRO in the full amount of Ben-Trei's loss, USD 135,000.00, less the USD 32,500.00 previously received.

**EXHIBIT**